**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12579

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

AMILKA DEL MONTE,
a.k.a. Milka,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:07-cr-20714-CMA-6

_____

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Amilka Del Monte, a federal prisoner proceeding pro se, appeals the denial of his motion for compassionate release. The government moves for summary affirmance.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review a district court's denial of a prisoner's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) for abuse of discretion. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). A district court commits an abuse of discretion if it applies an incorrect legal standard, follows improper procedures, or makes clearly erroneous factual findings. *Id.* Pro se pleadings are held to a less-stringent standard than those drafted by attorneys and are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In general, a court may not modify a sentence once it has been imposed, except under certain circumstances. 18 U.S.C. § 3582(c); *United States v. Harris*, 989 F.3d 908, 909 (11th Cir. 2021). A district court may reduce a term of imprisonment under § 3582(c)(1)(A) if: (1) the § 3553(a) sentencing factors favor doing so; (2) there are "extraordinary and compelling reasons" for doing so; and (3) doing so would not endanger any person or the community within the meaning of 18 U.S.C. § 3142(g), and a reduction is consistent with applicable Sentencing Commission policy statements.

18 U.S.C. § 3582(c)(1)(A); *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021). District courts need not address these three conditions in a specific sequence because the absence of even one forecloses a sentence reduction. *Tinker*, 14 F.4th at 1237-38. If the district court finds against the movant on any one of these requirements, it cannot grant relief and need not analyze the other requirements. *Id.*

Factors under § 3553(a) that the district court may consider include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, protecting the public from the defendant's crimes, and adequate deterrence. 18 U.S.C. § 3553(a). The district court need not address each of the § 3553(a) factors or all the mitigating evidence, and the weight given to any § 3553(a) factor is committed to the discretion of the district court. *Tinker*, 14 F.4th at 1241. An acknowledgment that the court considered all applicable factors, along with enough analysis to allow meaningful appellate review of the factors is sufficient. *Id.* at 1240-41. At a minimum, we must be able to understand from the record how the district court arrived at its conclusion, including the applicable § 3553(a) factors on which it relied. *United States v. Cook*, 998 F.3d 1180, 1184-85 (11th Cir. 2021) (holding that the district court abused its discretion when it did not indicate whether it had considered the defendant's reasoning or the § 3553(a) factors).

"The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances," and

a district court may, in some circumstances, "simply write[] the word 'granted' or 'denied' on the face of a motion while relying upon context and the parties' prior arguments to make the reasons clear." *See Rita v. United States*, 551 U.S. 338, 356 (2007). For example, a form order that fails to grant a prisoner the full scope of his requested relief under § 3582(c)(2) but certifies that the district court considered the prisoner's motion and the § 3553(a) factors is adequate so long as the basis for the district court's ruling is clear from the record as a whole. *See Chavez-Meza v. United States*, 585 U.S. 109, 114, 118–20 (2018).

Summary affirmance is warranted here. The district court considered the § 3553(a) factors and determined that they weighed against a sentence reduction for the same reasons the court had articulated in its prior orders, which it incorporated by reference. Those prior orders identified Del Monte's criminal history, the seriousness of his offense conduct, the need to afford adequate deterrence, and the need to protect the public from further crimes as factors weighing against his release. 18 U.S.C. § 3553(a). Although the prior orders did not explain why these factors weighed against compassionate release, the record supports the district court's finding because Del Monte had a serious criminal history, including eight convictions, and his instant convictions stemmed from multiple attempted robberies, including one that involved a plan to use multiple guns to rob a drug stash house. *Chavez-Meza*, 585 U.S. at 118–20.

By incorporating its prior orders and stating that it had considered the § 3553(a) factors, the district court provided enough analysis to facilitate meaningful appellate review and to explain how it arrived at its conclusion. *Tinker*, 14 F.4th at 1240-41; *Cook*, 998 F.3d at 1184-85. And although Del Monte argues that the district court's order did not reflect consideration of his arguments on the § 3553(a) factors, including his age and rehabilitation efforts, the district court was not required to address each factor, and the court had discretion to determine that the factors identified in its previous orders outweighed the ones identified by Del Monte. *Tinker*, 14 F.4th at 1241. Therefore, because at least one of the compassionate release conditions was not satisfied, the district court did not abuse its discretion by ruling that Del Monte was not entitled to compassionate release. *Tinker*, 14 F.4th at 1237-38.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**